UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**GREAT AMERICAN INSURANCE COMPANY,**

    Plaintiff,

  v.

**JOHNSON CONTROLS, INC,**

    Defendant.

Case No. 1:20-cv-96
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This case has a bit of an odd procedural history. Plaintiff Great American Insurance Company ("Great American") filed a complaint (the "Complaint"), naming Johnson Controls as the Defendant, and seeking declaratory judgment in a contract dispute. Specifically, the dispute relates to a performance bond that Great American had issued on a building project that went wrong. (Doc. 1). Johnson Controls, which asserts a right to collect under that bond, responded to the declaratory judgment action with a Motion to Compel Arbitration. (Doc. 3). The Court granted that motion, finding that the threshold question of arbitrability—i.e., whether an arbitrator or the Court should resolve the underlying contractual dispute—was itself arbitrable. The Court thus dismissed the suit, without prejudice, to allow the arbitrator to make that determination. The arbitrator determined the matter was not arbitrable. Before Great American could refile suit here, though, Johnson Controls filed its own breach of contract action, raising the identical dispute, in federal court in South Carolina (where the building project at issue took place).

In response to that new lawsuit, Great American filed the instant Motion to Set Aside Judgment ("Motion") under Federal Rule of Civil Procedure 60(b) in this action. (Doc. 14). In the Motion, Great American asks this Court: (1) to revise its earlier judgment by changing the dismissal without prejudice into a stay; and (2) to find that this suit is thus the earlier filed suit for purposes of the first-to-file rule.

For the reasons set forth more fully below, the Court **DENIES** Great American's Motion. Although the Court did not contemplate that Johnson Controls would file suit in South Carolina in the circumstances here, the Court nonetheless concludes that granting Great American's current Motion ultimately would be futile. That is because, as further explained below, even were the Court to reinstate this action, the Court would still find that transfer or dismissal without prejudice in favor of the South Carolina action is the appropriate course, notwithstanding that this declaratory judgment action was filed first. There is little reason to grant the motion to reinstate this case, only to then immediately stay or dismiss it.

## FACTUAL BACKGROUND

Great American filed its complaint in this action on February 4, 2020. The complaint asserted claims against Johnson Controls under the Declaratory Judgment Act. As the complaint explains, Great American is an insurer. It issued a performance bond to Structure Cabling Solutions, Inc. d/b/a SCS Technologies ("SCS") in connection with SCS's work as a subcontractor on a hospital construction project in Charleston, South Carolina. (Compl., Doc 1, ¶¶ 7-8, #12). Johnson Controls was also a subcontractor on the project, but acted as the upstream subcontractor from SCS.

That is, Johnson Controls had entered a subcontract with the general contractor on the hospital project (Robins & Morton Group), under which Johnson Controls agreed do a portion of the work on that project. Then Johnson Controls in turn hired SCS to do part of that work.

Generally speaking, Johnson Controls contracted to provide low voltage cabling work and communications systems for the hospital, including a nurse call-code system and an intercom system. (Mot. to Compel, Ex. A, Doc. 3-1, #65–66). The sub-contract between Johnson Controls and SCS required SCS to install low voltage cabling infrastructure for the data and telephone systems. (Mot. to Compel, Ex. B, Doc. 3-1, #120). Disputes arose between SCS and Johnson Controls regarding SCS's performance. Specifically, Johnson Controls claimed that SCS failed to install a number of cabling infrastructures and had effectively "walked off the job." (Compl., Doc. 1, ¶ 10, #12); (Mot. to Compel, Ex. C, Doc. 3-1, #134–36). SCS later offered to return with a partial crew, but Johnson Controls ultimately replaced SCS with another subcontractor, Symphony Technology Solutions, to complete the work.

Johnson Controls also began contacting Great American during that same time about the performance bond that Great American had issued guaranteeing SCS's performance. Johnson Controls claimed that SCS's failure to perform meant that Great American owed substantial sums to cover the increased costs associated with hiring a replacement subcontractor. (Compl. at ¶¶ 18–27, #13–14). The amount of the claimed costs rose over time from a preliminary $100,000 estimate to Johnson Controls' most recent estimate of $1,146,000. (*Id.* at ¶¶ 14, 27).

Great American, by contrast, claims that its liability on the performance bond is limited to a $125,000 lump-sum amount plus the then-remaining contract balance of $209,000. (*Id.* at ¶¶ 24, 26). Great American offered to pay that sum (i.e., $334,000) in full satisfaction of its obligations under the bond, but Johnson Controls declined. At that point, Great American elected to file this declaratory judgment action seeking clarity regarding its obligations under the performance bond.

Shortly after Great American brought the declaratory judgment action, Johnson Controls filed a motion to compel arbitration. That motion raised two separate arbitration provisions. The first, contained in the master agreement between the General Contractor and the first line subcontractors (like Johnson Controls), required arbitration of disputes under that contract, and also mandated that, should the subcontractor execute any sub-subcontracts in connection with the project, the subcontractor must include an arbitration provision in such sub-subcontracts.

The second, and more directly applicable, arbitration provision was the one contained in the sub-subcontract between Johnson Controls and SCS. This latter provision required Johnson Controls and SCS to arbitrate "any dispute that shall arise between [SCS] and [Johnson Controls] in connection with this subcontract." (Mot. to Compel, Ex. B, Doc. 3-1, #114). Even though Great American was not itself a signatory to that sub-subcontract, Johnson Controls contended that Great American, by issuing a bond guaranteeing a signatory's (i.e., SCS) performance under that contract, had become subject to that provision. Johnson Controls further argued

that the dispute Great American advanced in this case fell within the broad sweep of the arbitration provision. Or, at the very least, it claimed that the arbitration provision made the threshold question of whether this dispute fell within the arbitration provision (typically referred to as the question of arbitrability) itself a question for the arbitrator. Thus, Johnson Controls requested that the Court send the matter to arbitration, either in its entirety, or at least as to the threshold question. And it also requested that, in the interim, the Court either stay the matter or dismiss it without prejudice pending the arbitrator's decision.

Great American countered that neither the underlying dispute, nor the arbitrability question, were arbitrable under the agreement because it was not a signatory to the agreement. It further argued that, in any event, the dispute over the performance bond did not fall within the scope of the arbitration provision's plain language. While Great American argued the merits of the arbitration question, it did not offer an opinion one way or the other on whether a stay or dismissal without prejudice would be more appropriate if the Court found against Great American on the arbitration issue.

On July 30, 2020, Johnson Controls filed a related motion, tweaking the relief it requested in connection with its motion to compel arbitration. Claiming that it had recently become aware that Great American might seek to appeal the Court's ruling if the Court sent the matter to arbitration, Johnson Controls claimed that a stay, rather than dismissal without prejudice, would be preferable. That way, Johnson

Controls argued, Great American would not be able to appeal the Court's ruling on the arbitration issue. (Mot. to Stay, Doc. 9, #383).

About a week later, on August 7, 2020, the Court issued an Order (the "Order"), in which the Court concluded: (1) that the threshold issue of arbitrability was arbitrable; (2) that as a result, the Court should not, indeed could not, reach the question of whether the dispute fell within the terms of the arbitration provision (as that was a question for the arbitrator); and (3) that dismissal without prejudice, rather than a stay, was the appropriate remedy under the applicable law in this Circuit.

Based on the Order, the parties presented the threshold issue of arbitrability to an arbitrator. On August 21, 2020, the arbitrator concluded that the dispute is not arbitrable. (Motion, Ex. A, Doc. 14, #456-65).

While one may have assumed that the next step would be for the parties to refile the matter in this Court, that is not what happened. Rather, Johnson Controls, the defendant in the previously filed declaratory judgment action, elected to file its own action against Great American (the Plaintiff here) in federal district court in South Carolina, the location where the underlying building project occurred. *See Johnson Controls, Inc. v. Great Am. Ins. Co.*, 2:20-cv-03029-RMG (D.S.C., Aug. 24, 2020), ECF No. 1. In that new lawsuit, Johnson Controls asserts a breach of contract claim under the same performance bond as to which Great American sought declaratory relief in this action.

Great American then filed the instant Motion. In it, Great American asks this Court to reopen the Order (and accompanying judgment) that had dismissed this matter without prejudice and, in essence, replace the dismissal in that earlier ruling with a stay. Great American then contends that the Court should immediately dissolve that stay in light of the arbitrator's ruling. The end result, Great American claims, is this case, rather than the one in South Carolina, would count as the first case filed for purposes of the so-called first-to-file rule. Accordingly, Great American argues, this forum, rather than the federal district court in South Carolina, would be the proper venue in which to resolve this contract dispute.

## LEGAL STANDARD

Rule 60(b) permits a court to grant a party relief from a final judgment for several reasons, including when "applying [an earlier judgment] prospectively is no longer equitable." Fed R. Civ. P. 60(b)(5). The rule also includes a catchall provision, which allows courts to grant relief if a party demonstrates "any [ ] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Trial courts have "especially broad" discretion when considering a motion for relief under Rule 60(b). *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014). In exercising this discretion, however, courts must be mindful of the general public policy "favoring the finality of judgments and the termination of litigation." *Id.*

Great American seeks relief under Rules 60(b)(5) and (6), both of which impose a heavy burden on the party seeking relief. Rule 60(b)(5) requires Great American to demonstrate "a significant change either in factual conditions or in law [that] renders

7

continued enforcement [of the judgment] detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009). Similarly, Rule 60(b)(6) only permits relief if the movant can show "extraordinary circumstances" that justify reopening judgment. *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 713 (6th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

## LAW AND ANALYSIS

The Court concludes that it likely has discretion under Rule 60(b) to revisit its earlier Order and judgment here. Johnson Controls' action in using this Court's dismissal as an avenue to file an intervening matter in South Carolina perhaps could be characterized as jurisdictional maneuvering giving rise to equitable concerns. That being said, the Court declines to exercise its discretion under Rule 60(b). While Johnson Controls may have acted prematurely in filing its South Carolina action, the Court concludes that, even if the Court were to reinstate this action, the matter would still be transferred to South Carolina under a settled exception to the first-to-file rule.

**A.     The Court's Order Did Not Contemplate That Johnson Controls Would File Suit In South Carolina In The Event That The Arbitrator Declined Arbitrability.**

Rule 60(b) grants the Court broad discretion to revisit its earlier judgments, particularly when new facts show that continued enforcement of those judgments is not equitable. *See* Fed. R. Civ. P. 60(b)(5), (6). The earlier judgment at issue here is this Court's August 7, 2020 Order to Dismiss. The Court dismissed the matter without prejudice solely to allow the parties to submit the question of arbitrability to an arbitrator (and, of course, to allow the arbitrator to handle the dispute, if he or she

8

answered the arbitrability question in the affirmative). (Doc. 10). The Court's understanding at the time was that, if the arbitrator decided that the dispute was not arbitrable, the matter would be re-opened in this Court. But that did not happen.

By filing suit in South Carolina without first conferring with Great American, Johnson Controls sought to wrest jurisdiction from this Court, in what the Court agrees could be characterized as a "race to the courthouse." (*See* Great American Reply, Doc. 18, #483). That result was not what either party intended at the time Johnson Controls sought to send the matter to arbitration. Great American clearly preferred this forum—it had filed suit here, and it resisted Johnson Controls' efforts to send the matter to arbitration. For its part, Johnson Controls thought that the matter belonged in arbitration, but never indicated that, in the alternative, it thought the matter should be moved to South Carolina. To the contrary, while Johnson Controls originally sought either dismissal without prejudice or a stay in connection with the arbitration request, it subsequently changed its request to specify that it preferred the latter—a stay. To be sure, it sought that relief based on its desire to prevent Great American from appealing the Court's ruling, but had the Court granted Johnson Controls' requested relief, there is no question that this matter would have been the "first filed" from a purely chronological standpoint—instead of the subsequent South Carolina matter—the same result that Great American now seeks to achieve through its Rule 60(b) motion.

That being said, the Court concluded in the Order that precedent made dismissal without prejudice, rather than a stay, the appropriate path. Moreover,

9

entering that relief in the Order provided Great American greater appellate rights in the event the arbitrator decided to move forward with an arbitration proceeding (which was why Johnson Controls argued against it). (*See* Doc. 9). Thus the Court denied Johnson Controls' requested relief.

When the arbitrator instead found that the matter was non-arbitrable, though, Johnson Controls sought to find a silver lining in the Court's earlier denial of Johnson Controls' requested relief. Namely, because the matter was dismissed without prejudice, rather than stayed, Johnson Controls concluded that it was free to file a new action in South Carolina.

This course of conduct has at least a flavor of inappropriate jurisdictional maneuvering—jumping the gun in an unanticipated fashion to obtain a preferred forum to the detriment of the plaintiff in the previous action. And the Court agrees with Great American that Rule 60(b) may give the Court power to address that type of activity to preserve "the public's confidence in the judicial process." *See, e.g.*, *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (explaining that a court should consider "'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process'" as part of a 60(b) analysis) (quoting *Liljeberg v. Health Serv. Acquisition Corp.,* 486 U.S. 847, 863–64 (1988)). That being said, for the reasons discussed more fully below, the Court nonetheless declines to exercise its discretion in that regard here.

**B.     Because Great American's Action Is A Declaratory Judgment Action, It Does Not Trigger Strict Application Of The First-To-File Rule.**

The Court declines to exercise its discretion under Rule 60(b) because doing so would not afford Great American the ultimate result it seeks. The motive underlying Great American's instant motion is its belief that, if this case is reinstated (by transforming the previous dismissal without prejudice instead into a stay), then the matter would continue forward in this forum under the first-to-file rule. But that is not so. Rather, the Court finds that, under a well-settled exception to that rule, the case in South Carolina takes precedence over this one, even if this case has an earlier filing date. Thus, despite possibly having discretion under Rule 60 to reinstate this action, the Court determines there is no reason to do so.

The first-to-file rule provides that "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should *generally* proceed to judgment." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (internal citations omitted) (emphasis in original). The first-to-file rule is not a rigid doctrine. Rather, courts have the discretion to dispense with that rule for equitable reasons, such as when one party has engaged in "forum shopping" or has filed an "anticipatory suit." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.,* 511 F.3d 535, 551–52 (6th Cir. 2007).

Of particular importance here, declaratory judgment actions (a form of "anticipatory suit") do not carry the same weight as a coercive action for purposes of the first-to-file rule. *Nationwide Affordable Hous. Fund 27, LLC v. Urban 2004*

11

*Holding Co.*, No. 2:20-CV-1762, 2020 WL 3642575, at *2 (S.D. Ohio July 6, 2020) ("The first to file rule is particularly anemic where the first-filed lawsuit is a declaratory judgment action.") (citing *Certified Restoration*, 511 F.3d at 551–52). In fact, when the first-filed action is a declaratory judgment action, the presumption under the first-to-file rule essentially flips. *Lexington Ins. Co. v. Lion Oil Co.,* No. 3:13-CV-1054, 2014 WL 202371, at * 6 (M.D. Tenn. Jan. 16, 2014) ("[T]he Sixth Circuit has held that this presumption generally is reversed in declaratory judgment actions.") (citing *Certified Restoration*, 511 F.3d at 551–52). That is, in situations involving an earlier-filed declaratory judgment action and a later-filed substantive suit, the "first-filed declaratory judgment action should ordinarily give way to a later-filed substantive suit." *Nationwide Affordable Hous. Fund 27, LLC*, 2020 WL 3642575, at *2. That is true "even when [the] declaratory judgment action present[s] similar parties and issues [and is] filed first". *Lexington Ins. Co.,* 2014 WL 202371, at * 6 (quoting *Clear!Blue, LLC v. Clear Blue, Inc.*, 521 F.Supp.2d 612, 615 (E.D. Mich. Nov. 7, 2007)).

To be sure, courts have not fully explained the basis for this exception to the first-to-file rule. Perhaps the exception arises because, unlike coercive suits, declaratory judgments do not address past injuries, and thus the declaratory judgment vehicle may provide a less comprehensive solution to the dispute. S*ee AmSouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004) (explaining that declaratory judgments often clarify future duties rather than address past harms). Or maybe the exception arises out of some notion that the allegedly injured party has a greater

12

entitlement to choose the forum, and that in declaratory judgment actions it is the "natural defendant" (i.e., the non-injured party) who has instead chosen the forum. *See Certified Restoration,* 511 F.3d at 551–52 (explaining that courts disfavor cases where defendants file anticipatory suits or engage in forum shopping); *also AmSouth Bank,* 386 F.3d at 786 (explaining that coercive suits by a "natural plaintiff" take precedence over a declaratory judgment action).

Whatever the policy rationale for the exception may be, though, the exception itself is generally well established and, more importantly, is firmly grounded in Sixth Circuit precedent. *See, e.g., Certified Restoration,* 511 F.3d at 552 (noting "a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the [later-filed] substantive suit") (citing *AmSouth Bank,* 386 F.3d at 791 n. 8 (quoting *UAW v. Dana Corp.,* No. 3:99CV7603, 1999 WL 33237054, at *6 (N.D. Ohio Dec.6, 1999))). As such, the first-to-file rule does not apply on a strict chronological basis to situations like this one, where a declaratory judgment action is filed before a subsequent coercive action. And, under that settled exception to the first-to-file rule, South Carolina, not this Court, is the more appropriate forum for this dispute.

Great American acknowledges this exception, but seeks to cabin it to cases where "there is evidence of bad faith or forum shopping by the party filing the [declaratory judgment] action." (Great American Reply, Doc. 18, #488). And Great American claims that its declaratory judgment action here involves neither. While the latter may be true, the Court disagrees with Great American's narrow

13

interpretation of the "declaratory judgment" exception. To be sure, Great American identified one district court case, from 1994, in which the court seemed to suggest that an earlier filed case presumptively has priority "even if the first action is a declaratory judgment action." (*Id.*, quoting *Kmart Corp. v. Key Indus.*, 877 F. Supp. 1048, 1054 (E.D. Mich. 1994)). But the several, more recent cases cited above suggest that, to the extent that was ever true, it is no longer the case. Nor does Great American's citation to *Ford Motor Co. v. Versata Software, Inc.*, No. 15-cv-10628, 2015 U.S. Dist. Lexis 139400 at *14–15 (E.D. Mich. Oct. 14, 2015), change that result. (*See* Doc. 18, #488). While the *Ford* case is more recent, it discusses the first-to-file issue in the patent litigation context, where the stakes of forum shopping are "less severe" due to the "national uniformity" arising from the "creation and existence of the Federal Circuit" to handle all patent appeals. *Ford Motor Co.*, 2015 U.S. Dist. Lexis 139400 at *14-15. Whatever the rule in the patent setting, outside that setting, as here, there appears to be "a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the [later-filed] substantive suit." *Certified Restoration,* 511 F.3d at 552.

The Court further notes that, in *Ford*, the court determined that the convenience and availability of the witnesses "strongly favor[ed]" the forum in which the earlier declaratory judgment was filed. *Id*. at *16. Here, the opposite is true. In many ways, South Carolina has a closer connection to the underlying dispute than Ohio, and thus is the preferable venue under the venue-transfer statute. *See* 28 U.S.C. § 1404(a) (allowing court to transfer venue "for the convenience of the parties

14

or witnesses," or "in the interests of justice"). Notably, South Carolina is where the construction project underlying this bond dispute took place. Further, several important potential witnesses in this case reside in or around Charleston, South Carolina (or at least closer to Charleston than to Cincinnati), including the employees of SCS, the replacement subcontractor, and the vendors who provided construction materials for the project. In short, even if the declaratory judgment had remained pending here (rather than being dismissed without prejudice), this Court would be inclined to transfer the case to South Carolina, which appears better situated to hear this dispute.

## CONCLUSION

Based on the above, the Court **DENIES** Great American's Motion for Relief from Judgment (Doc. 14). The Court's judgment, previously entered on August 7, 2020, shall remain the final judgment in this matter.

**SO ORDERED.**

October 15, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**